### METCALS REFINING CO. v. SHERMAN

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Oct. 7, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**148. BILLS OF EXCEPTIONS—465. Error Proceedings.**

Where bill of exceptions is not filed within period of forty days required by statute, motion to dismiss proceedings will not lie. Motion should be to strike bill of exceptions from files.

Error to Common Pleas.

Judgment affirmed.

Nadler & Nadler, Youngstown, for Refining Co.

FULL TEXT

FARR, J.

This cause is here upon a motion to dismiss this proceeding in error upon the ground that the Bill of Exceptions was not filed within the time required by law. Upon the issues being joined in the court below the cause came on to be heard and resulted in a judgment from which error is sought to be prosecuted here. It is conceded that the Bill of Exceptions was not filed within the period of forty days required by statute, Sec 11564 GC., and for this reason a dismissal of the proceeding is sought. Such order could not be made because the motion should have been to strike the Bill of Exceptions from the files. That would leave the petition in error pending. It follows, however, that no error being disclosed by the other files in this cause, the judgment is accordingly affirmed.

(Pollock and Roberts, JJ., concur in the judgment.)

---

### RANSON v. BROOK.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1982. Decided Feb. 6, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**297. CONTRACTS—753. Measure of Damages—997. Real Estate.**

1. Contracts, for sale of real estate, upon which payments have been made, can only be ordered cancelled by court of equity, on equitable principles.

2. Where, to allow all payments and improvements to be held as liquidated damages would be to allow an amount which is extravagantly unreasonable and manifestly disproportionate to actual damages sustained, court will require refund.

Appeal from Common Pleas.

A. E. Brunskill and Chas. W. Davis, Toledo, for Ranson.

L. E. Gorman, Toledo, for Brook.

FULL TEXT.

RICHARDS, J.

The plaintiff, on September 3, 1925, entered into a contract with the defendant for the purchase of a piece of land in Washington Township, this county, for $4,700.00. She paid $700.00 cash, took possession of the property and thereafter paid $64.00 additional and made improvements which enhanced the value of the property $100.00.

She brought this action to procure a cancellation of the contract on the ground of fraud. We are unable to find that the claim of fraud is maintained by clear and convincing evidence.

The defendant filed an answer and cross-petition in which he asks to have the contract cancelled and his title quieted because of plaintiff's failure to comply with its terms in making payments. The plaintiff has failed to comply with the terms of the contract and that contract provides, in case of such failure, that it shall be forfeited and the payments made be retained as stipulated damages. Literally, by the terms of the contract, the defendant is entitled to have his title quieted and to retain the payments, but such contracts can only be ordered cancelled by a court of equity on equitable principles.

The plaintiff occupied the premises about fourteen months and the value of the use and occupation would be approximately $250.00. In the meantime the property has increased in value. To allow all the payments and improvements to be held by the defendant as liquidated damages would be to allow an amount which is extravagantly unreasonable and manifestly disproportionate to the actual damages sustained, within the rule announced in Norpac Realty Co. v. Schackne, 107 Ohio St., 425.

The court finds under the evidence that the defendant is entitled to have the contract cancelled and his title quieted upon the repayment to the plaintiff of the amount of $400.00.

(Williams and Lloyd, JJ., concur.)